IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESTER HENDERSON, #42271-177, | § | |
| Petitioner/Movant, | § | |
| | § | |
| v. | § | 3:13-CV-1045-D-BK |
| | § | (3:10-CR-0206-D(07)) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set

aside, or correct sentence.   For the reasons that follow, it is recommended that the section 2255

motion be denied.

**I. BACKGROUND**

Pursuant to a plea agreement, Petitioner pled guilty to distributing five grams or more of

cocaine base and was sentenced to 135 months' imprisonment and a four-year term of supervised

release.   *See United States v. Henderson*, No. 3:10-CR-206-D (07) (N.D. Tex., Dallas Div.,

March 11, 2011).   The United States Court of Appeals for the Fifth Circuit affirmed the

conviction.   *United States v. Henderson*, 475 F. App'x 520 (5th Cir. 2012).   In the three

grounds raised in this timely section 2255 motion, Petitioner asserts ineffective assistance of

counsel and requests resentencing under the Fair Sentencing Act.   (Doc. 2).   The government

argues the section 2255 motion lacks merit and Petitioner has filed a reply.   (Doc. 6; Doc. 12).

**II. ANALYSIS**

Following conviction and exhaustion or waiver of the right to direct appeal, the court

presumes that a petitioner stands fairly and finally convicted.   *See United States v. Cervantes,

132 F.3d 1106, 1109 (5th Cir. 1998)*.   Under section 2255 a petitioner can collaterally challenge

his conviction only on constitutional or jurisdictional grounds.   *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Ineffective Assistance of Counsel Following Appeal

Petitioner asserts appellate counsel rendered ineffective assistance in failing to timely notify him of his right to petition for writ of certiorari after the United States Court of Appeals for the Fifth Circuit affirmed his sentence.   (Doc. 2 at 2-3).   A criminal defendant, however, has no right to counsel when filing a petition for writ of certiorari with the United States Supreme Court.   *Wainright v. Torna*, 455 U.S. 586, 586 (1982) (*per curiam*) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)).   "And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel."   *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (denying section 2255 motion because defendant could not claim constitutionally ineffective assistance of counsel based on counsel's failure to file timely petition for a writ of certiorari, since defendant had no constitutional right to counsel in seeking review with the Supreme Court); *Hernandez v. United States*, 3:12-CV-0921-B-BK, 2013 WL 625752 *2 (N.D. Tex. Jan. 29, 2013), *recommendation accepted*, 2013 WL 632107 (N.D. Tex. Feb. 20, 2013) (same).

Petitioner cites *Lacaze v. United States*, 457 F.2d 1075, 1076 (5th Cir.1972), and *United States v. Johnson*, 308 F. App'x 768 (5th Cir. 2007), in which appellate counsel failed to comply with the Fifth Circuit Criminal Justice Act's requirement that counsel notify the defendant of the right to seek certiorari review in the United States Supreme Court.   However, contrary to Petitioner's unsworn assertions that he did not receive timely notice of his right to petition for writ of certiorari (Doc. 2 at 2-3), there is ample evidence showing that appellate counsel timely notified Petitioner of his rights.   Specifically, appellate counsel promptly sent a letter to

Petitioner notifying him of the Fifth Circuit's decision and advising him of his right to file a petition for certiorari and the deadline to do so.   (Doc. 6-4 at 3).   Further, appellate counsel sent Petitioner a copy of his motion to withdraw, which also addressed Petitioner's right to file a petition for certiorari.   (Doc. 6-2 at 3-4).   Petitioner offers no evidence to refute that such communications were mailed to him or that he did not receive them as a result of his prison transfer.   (Doc. 2 at 3).   Moreover, Petitioner does not present any evidence to support his claim that he and his family members were unsuccessful in contacting appellate counsel.   (Doc. 2 at 3).   Accordingly, Petitioner's first ground lacks merit and should be denied.

<u>Ineffective Assistance of Counsel During Guilty Plea Proceeding</u>

Petitioner also claims that counsel provided ineffective assistance when counsel assured Petitioner that his federal sentence would run concurrently, rather than consecutively, with his pending state charges.   (Doc. 2 at 4-5).   Petitioner argues that his guilty plea was predicated on counsel's advice that the sentences would run concurrently, and that he would have proceeded to trial if he had known the possibility of his sentences running consecutively.   (Doc. 2 at 4).   Further, Petitioner contends that his plea was involuntary because the Court failed to advise him that his federal and state sentences could run consecutively.   (Doc. 2 at 4).

A guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid.   *United States v. Hernandez,* 234 F.3d 252, 254 (5th Cir. 2000).   A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath.   *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998).   Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings.   *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).   In addition, to establish ineffective assistance of counsel, a petitioner must show that counsel's performance

was deficient and that the deficient performance prejudiced the defense.   *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).    To show prejudice, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."   *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

"A facially valid guilty plea may nonetheless be found to be invalid if it was induced by the defendant's attorney's unkept promises."   *United States v. Curtis*, No. 06-17-C, 2010 WL 610680, at *7 (M.D. La. Feb. 19, 2010) (citing *Harmason v. Smith*, 888 F.2d 1527 (5th Cir.1989)).   To seek habeas relief on the basis of alleged promises, however, the defendant is required to establish "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise."   *United States v. Cerantes*, 132 F.3d 1106, 1110 (5th Cir.1998); *see also Curtis*, 2010 WL 610680, at *8 (holding that defendant's guilty plea was still valid when he provided unsworn statements that provided no information about his attorney's alleged promises).   That is also the case here, where Petitioner's statements that his decision to plead guilty was based on counsel's promise (that his federal sentence would run concurrent with his pending state charges) are unsworn and provide no information as to where and when counsel made such promises.   (Doc. 2 at 4-5).   Moreover, Petitioner's unsworn assertion is rebutted by counsel's sworn statement that he made no such promises to Petitioner.   (Doc. 6-4 at 1-2).   Petitioner has failed to establish that counsel made promises of a certain sentence to him.

Additionally, a court is not required under Rule 11 of the Federal Rules of Criminal Procedure to inform a defendant of "every 'but for' consequence which follows from a plea of guilty," as long as it has advised the defendant of the maximum possible federal sentence.   *United States v. Saldana*, 505 F.2d 628, 628 (5th Cir. 1974) (per curiam) (holding in a section 2255

petition that defendant's plea was voluntary where the district court informed defendant of the maximum possible federal sentence but failed to tell him the imposed sentence would be consecutive to a sentence he was already serving).   There is no dispute Petitioner's plea was voluntary because the Court advised him at re-arraignment the maximum possible period of imprisonment the Court could impose, and Petitioner stated that he understood the Court's sentencing discretion.   (Crim. Doc. 253 at 22, 28-30).   The fact that the Court did not inform Petition that the sentence it imposes could run consecutively to his pending state charges does not render his plea unknowing or involuntary.   Thus, Petitioner has failed to refute his own assurances to the Court that his guilty plea was knowing and voluntary.

Having considered the Petitioner's arguments, the Court concludes there is no reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and insisted on going to trial.   *Hill*, 474 U.S. at 59.   Petitioner has failed to demonstrate that he received ineffective assistance of counsel or that his guilty plea was involuntary.   Accordingly, this claim lacks merit and should be denied.

<u>Resentencing under the Fair Sentencing Act (FSA)</u>

Lastly, Petitioner asserts he is entitled to re-sentencing under the FSA in accordance with the Supreme Court's decision in *Dorsey v. United States*, --- U.S. ---, 132 S. Ct. 2321 (2012). (Doc. 2 at 6-7).   *Dorsey* held that the more lenient mandatory minimum provisions of the FSA apply to defendants such as Petitioner who committed a crack cocaine offense before August 3, 2010, the date the FSA went into effect, but were not sentenced until later.   132 S. Ct. at 2326.

The Government concedes *Dorsey* applies to Petitioner and, as a result, his offense carried a statutory sentencing range of zero to twenty years, instead of five to forty years.[1]   (Doc. 6 at 18).

---

[1] At the time Petitioner committed his offense he faced a mandatory minimum sentence of 5 years'

However, since his sentencing guideline range of 135-168 months remains the same, the Government contends Petitioner is not entitled to relief.  (Doc. 6 at 18).   Petitioner replies that "his sentence must be voided and reduced as the sentencing Court erroneously utilized a 5 to 40 year statutory range in determining the appropriate sentence in [his] case."  (Doc. 12 at 3).   He claims the Court "erroneously restricted [itself] to considering a sentencing universe of 5 to 40 years," which "prevented [it] from beginning his sentencing calculation at 'ground zero,' thereby creating an erroneous 60 month baseline."  (Doc. 12 at 9-11).

However, the pre-FSA 5–year mandatory minimum did *not* affect the calculation of Petitioner's sentence.  *See United States v. Kinchen,* 729 F.3d 466, 476 (5th Cir. 2013).   The Court sentenced Petitioner to 135 months imprisonment, a term significantly above the 5-year mandatory minimum, based on the nature of the offense, his involvement in the offense, and his participation in the offense while on deferred adjudication for other drug offenses.  (Sentencing Tr., Crim. Doc. 254 at 11).   Nothing indicates the Court would have imposed a different sentence if it had recognized the retroactive applicability of the FSA.  *See United States v. Williams,* 505 F. App'x 343, 344 (5th Cir.) (unpublished), *cert. denied,* 133 S. Ct. 2375 (2013).   The United States Court of Appeals for the Fifth Circuit has recently instructed that in such instances—i.e., where "the mandatory minimum was *not* the basis for the district court's [sentence]"—"*any* error in not recognizing the FSA's retroactive applicability was harmless."  *Kinchen,* 729 F.3d at 476 (emphasis added) (citing *Williams,* 505 Fed. App'x at 344).   Accordingly, claim three fails.  *See United States v. Orillion,* No. 8:10-CR-0058, 2014 WL 354531 *2 (M.D. La. Jan. 23, 2014)

---

imprisonment.  *See* 21 U.S.C. § 841(b)(1)(B)(iii) (West 2009).   Under the FSA, an offender who sold 5 grams of crack was no longer subject to a mandatory minimum sentence. See Pub. L. No. 111–220, 124 Stat. 2372 (2010); *Dorsey,* 132 S. Ct. at 2329 ("The Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5–year minimum and from 50 grams to 280 grams in respect to the 10–year minimum....").

(denying section 2255 motion because pre-FSA 5–year mandatory minimum was not the basis for

the calculation of Petitioner's sentence and the court's failure to recognize the retroactive

application of the FSA was harmless).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the section 2255 motion be **DENIED**.

SIGNED March 6, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.   Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.   *See* 28 U.S.C. §
636(b)(1); Fed. R. Civ. P. 72(b).   In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.   An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.   Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.   *See*
*Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE